IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MEENA ENTERPRISES, INC., et al. :
:
   v. : Civil Action No. DKC 12-1360
:
MAIL BOXES ETC., INC. :
:

**MEMORANDUM OPINION**

Presently pending and ready for resolution is an unopposed motion to confirm and enforce arbitration award filed by Defendant Mail Boxes Etc., Inc. (ECF No. 21). The relevant issues have been briefed and the court now rules pursuant to Local Rule 105.6, no hearing being deemed necessary. For the reasons that follow, the motion will be granted.

**I. Background**

Plaintiffs Meena Enterprises, Inc., and Sabapathy Sengottuvelu commenced this action on January 27, 2012, by filing a complaint in the Circuit Court for Prince George's County, Maryland, alleging breach of contract, fraudulent inducement, and negligent misrepresentation against Defendant Mail Boxes Etc., Inc. ("MBE") (ECF No. 2). Defendant was served on April 3, 2012, and timely removed to this court, citing diversity of citizenship as the jurisdictional basis. (ECF No. 1).

Noting that the relationship between the parties was governed by franchise agreements, which contained clauses requiring the parties to submit to arbitration of any dispute arising therefrom, Defendant moved to stay the proceedings and compel arbitration of Plaintiffs' claims pursuant to the Federal Arbitration Act. (ECF No. 9). The court granted that motion by a memorandum opinion and order issued October 11, 2012, and the case was administratively closed subject to reopening upon the completion of arbitration at the request of either party. (ECF Nos. 17, 18).

On November 1, 2013, Defendant filed the pending motion to confirm arbitration award and for entry of final judgment. (ECF No. 21). Plaintiff does not oppose this motion.

**II. Standard of Review**

Review of an arbitrator's award is severely circumscribed; indeed, the scope of review is among the narrowest known at law because to allow full scrutiny of such awards would frustrate the purpose of having arbitrations at all – *i.e.*, the quick resolution of disputes and the avoidance of the expense and delay associated with litigation. *See Apex Plumbing Supply, Inc. v. U.S. Supply Co., Inc.*, 142 F.3d 188, 193 (4th Cir. 1998). If there is a valid contract between the parties providing for arbitration, and if the dispute resolved in the arbitration was within the scope of the arbitration clause, then substantive

2

review is limited to those grounds set out in § 10 of the Federal Arbitration Act ("FAA"), 9 U.S.C. § 10(a).

Section 10 allows for vacating an award (1) where the award was procured by corruption, fraud, or undue means; (2) where there was evident partiality or misconduct on the part of the arbitrator; or (3) where the arbitrator exceeded his or her powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made. *Id.* In addition, a court may overturn a legal interpretation of an arbitrator if it is "in manifest disregard for the law." *Apex Plumbing*, 142 F.3d at 193 ("Federal courts may vacate an arbitration award only upon a showing of one of the grounds listed in the [FAA], or if the arbitrator acted in manifest disregard of the law."); *Upshur Coals Corp. v. United Mine Workers of Am., Dist. 31*, 933 F.2d 225, 229 (4th Cir. 1991). Mere misinterpretation of a contract or an error of law does not suffice to overturn an award. *See Upshur*, 933 F.2d at 229. The burden is on the party challenging an award to prove the existence of one of the grounds for vacating the award.

**III. Analysis**

Defendant attaches to its motion evidence establishing that, before the arbitrator, it submitted a motion to dismiss Plaintiffs' claims and a counterclaim seeking an injunction enjoining Plaintiffs from violating non-competition provisions

3

contained in the franchise agreements.  Plaintiffs opposed those motions and appeared at a hearing before the arbitrator.

On June 28, 2013, the arbitrator issued a partial final award, dismissing Plaintiffs' claims.  That ruling was reiterated in the arbitrator's final award, dated August 26, 2013, which further determined, "[a]s a legal matter, [that Defendant] is entitled to the requested injunctive relief to stop on-going violations of the non-compete and non-solicitation provisions of the Franchise Agreements immediately and through the 9th of January 2014 – the date that represents the end of the two year period of the non-compete/non-solicitation provisions commencing on January 9, 2012."  (ECF No. 21-9, at 24). Accordingly, the arbitrator ordered Plaintiffs to

> immediately cease and desist from engaging in the business of offering postal, communication and business services and products and related services at any location within five (5) miles of an existing MBE franchise, including but not limited to [Plaintiffs'] businesses located at 4423 Lehigh Road, College Park, Maryland (the "Lehigh Center") and in the Stamp Student Union at the University of Maryland, College Park, Maryland (the "Union Center") from [the date of the Order] until and including January 9, 2014.

(*Id.* at 25).

Defendant has established that there were valid contracts between the parties requiring arbitration as to "every controversy, claim or dispute arising out of or in connection

4

with the negotiation, performance or non-performance of [the agreements.]" (ECF Nos. 9-1, at 41; 9-2, at 41). Moreover, the franchise agreements provide that any such dispute "shall be solely and finally settled by binding arbitration[.]" (*Id*.). Thus, the court is satisfied that the claims resolved at arbitration are within the scope of the parties' agreements, and its scope of review is confined to the grounds set forth in § 10 of the FAA. Plaintiffs have not opposed Defendant's motion for confirmation of the award, nor does the record reflect any grounds for vacatur. Accordingly, Defendant's motion will be granted.

**IV. Conclusion**

For the foregoing reasons, Defendant's motion to confirm and enforce arbitration award will be granted. A separate order will follow.

_____/s/_____
DEBORAH K. CHASANOW
United States District Judge